UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PHILIP JAMES,

           Plaintiff,

v.                                                    Case No.  5:11-cv-175-Oc-32TBS

PROGRESS ENERGY FLORIDA, INC.,

           Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion To Set Aside Default. (Doc. 12.) Plaintiff filed a response in opposition. (Doc. 13.)   Pursuant to Fed. R. Civ. P. 55(c), Defendant requests the Court to set aside the default entered by the Clerk in this case on May 4, 2011. (Doc. 6.)   For the reasons discussed below, Defendant's Motion To Set Aside Default (Doc. 12) is due to be GRANTED.

### I.   BACKGROUND

On April 4, 2011, Plaintiff filed a Complaint against Progress Energy Florida, Inc. under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., alleging that Defendant discriminated against him based on his disability, denied him reasonable accommodations for his disability, and retaliated against him for making internal complaints. (Doc. 1.)  On April 11, 2011, Plaintiff effected service of the complaint and summons on Defendant's registered agent -- Corporation Service Corporation. (Doc. 4.)  Defendant did not respond to the Complaint.

Accordingly, on May 3, 2011, Plaintiff  filed a Motion For Entry Of Clerk's Default Against Defendant. (Doc. 5.)   The Clerk entered default on May 4, 2011. (Doc. 6.)  On

June 22, 2011, Plaintiff filed a Motion For Default Judgment. (Doc. 7.) On June 28, 2011, the Court issued an Order taking the Motion for Default Judgment under advisement; advising Defendant that it had until July 15, 2011 to file a response, failing which the Court would treat the Motion as unopposed; and directing the Clerk to send copies of the June 28, 2011 Order and Plaintiff's Motion for Default Judgment to Defendant's registered agent. (Doc. 8.) On July 6, 2011, Thomas M. Gonzalez, Esquire and Jennifer Lee Watson, Esquire entered appearances on behalf of Defendant. (Docs. 9 & 10). On July 8, 2011, Defendant filed a response to the Motion for Default Judgment and a Motion To Set Aside the Clerk's Entry of Default. (Doc. 12.) Defendant also submitted the Affidavit of Suzanne Ennis, Defendant's Associate General Counsel (Doc. 12-1) and a proposed Answer and Defenses. (Doc. 12-3.)

II. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may set aside an entry of default "for good cause." The good cause standard under Rule 55(c) is a liberal standard that is not susceptible to a precise formula. Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).[1] Courts, however, have applied some general guidelines for setting aside a default including whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, 88 F.3d at

---

[1] The good cause standard is distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). Rule 55(c) provides that judgment by default may be set aside in accordance with Rule 60(b), which relieves a party from a final judgment for reasons such as: mistake, inadvertence, surprise, or excusable neglect.

951.[2]  Relief from a default entry has been granted inter alia "when the default was due to a clerical mistake, confusion, or a misunderstanding by counsel; or defendant's failure to receive service." Davis v. Oldham, No. 6:07-cv-941-Orl-31DAB, 2007 WL 4115292, at * 3 (M.D. Fla. Nov. 16, 2007)(quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §2696 (1998)). Defaults are generally disfavored due to the strong policy of determining cases on their merits. Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

Here, according to the Affidavit of Ms. Ennis, although Plaintiff's Complaint and Summons were received in Defendant's legal department on April 12, 2011, they "inadvertently were not transmitted" to Ms. Ennis due to internal errors. (Doc. 12-1; Affidavit of Suzanne Ennis at ¶¶3-5.) Ms. Ennis avers that she was not aware of Plaintiff's Complaint until July 5, 2011, when she received copies of the Court's June 28, 2011 Order and Plaintiff's Motion for Default Judgment. (Id. at ¶3.) Ms. Ennis immediately contacted outside counsel to represent Defendant in this action. (Id. at ¶6.) On July 6, 2011, Mr. Gonzalez and Ms. Watson entered appearances on behalf of Defendants. ( Docs. 9 &10.) Counsel represents that they contacted Plaintiff's counsel that same day to discuss the reason for Defendant's failure to respond to the Complaint. (Doc. 12 at 3.) Two days later, they filed the instant Motion to Set Aside Default. While Defendant's conduct may have been negligent, it is far from being considered willful or

---

[2] Other factors considered by courts include whether the public interest is implicated, whether there is a significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Compania Interamericana Export-Import, 88 F.3d at 951.

culpable and does not support a finding that the delay in filing the Answer constituted an intentional or reckless disregard for the judicial proceedings.

Moreover, Plaintiff will not be prejudiced if the Court sets aside the default. Plaintiff vaguely asserts that he will be prejudiced because "[a]ny further delay will result in the additional loss of evidence, increased difficulties in discovery, and greater opportunities for fraud and collusion by the Defendant." (Doc. 13 at 6). However, Defendant's Motion to Set Aside Default was filed in the early stages of this case – less than three months after Plaintiff filed his Complaint and only two months after the clerk entered default. While this delay in responding to Plaintiff's Complaint is not ideal, it has not prejudiced Plaintiff's ability to pursue his claims against Defendant.

Finally, a review of Defendant's proposed Answer and Defenses (Doc. 12-3) attached to the instant motion, discloses that Defendant has raised at least one meritorious defense. The likelihood of success is not the standard; rather, a defense is meritorious if it contains "'even a hint of suggestion which, if proven at trial, would constitute a complete defense.'" Sobkowski v. Wyeth, Inc., 2004 WL 3569703 at *3 (quoting Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000.) In its First Defense, Defendant alleges that it made good faith efforts to identify and provide a reasonable accommodation. Defendant further contends, in the instant Motion, that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons related to unsatisfactory work performance. Whether Defendant ultimately would prevail on these defenses remains to be determined. However, for purposes of this Motion, the defenses are meritorious and offer further support for setting aside the entry of default.

III.  CONCLUSION

For these reasons, and in light of the judicial preference for a trial on the merits, the undersigned concludes that good cause exists to set aside the Clerk's entry of default. Accordingly, Defendant's Motion To Set Aside Default (Doc. 12) is GRANTED and the Clerk's Default entered on May 4, 2011 (Doc. 6) is hereby VACATED and SET ASIDE.. Within five (5) days of this Order, Defendant shall file its Answer and Defenses as a separate docket entry.  Based on this ruling, Plaintiff's Motion for Default Judgment (Doc. 7) is TERMINATED as moot.

ORDERED in Ocala, Florida, on August 16, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Counsel of Record